**AGREEMENT TO ARBITRATE**

*PLEASE READ THIS AGREEMENT CAREFULLY.* THIS AGREEMENT TO ARBITRATE ("AGREEMENT") PROVIDES THAT DISPUTES BETWEEN STRATEGIC FUNDING SOURCE, INC. D/B/A KAPITUS AND ITS SUBSIDIARIES AND AFFILIATES, INCLUDING BUT NOT LIMITED TO KAPITUS LLC AND KAPITUS SERVICING, INC. (COLLECTIVELY, "KAPITUS"), ON ONE HAND, AND TILL PREMIUM ALFALFA, LLC, D/B/A Till Premium Alfalfa AND Thomas Till, (COLLECTIVELY, "YOU" OR "MERCHANT") (EACH A "PARTY" AND TOGETHER WITH KAPITUS, "THE PARTIES") MAY BE RESOLVED BY BINDING ARBITRATION.

ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS AGREEMENT IS GOVERNED BY THE FEDERAL ARBITRATION ACT ("FAA"), AND SHALL BE INTERPRETED IN THE BROADEST WAY THAT LAW WILL ALLOW.

**I.  Covered Claims.**

**a.**  You or Kapitus may arbitrate any claim, dispute or controversy between the Parties arising out of and/or related to: (i) this Agreement; (ii) any other agreement between the Parties; and/or (iii) the relationship between the Parties, whether or not related to a contract between them ("Claims").

**b.**  **If arbitration is chosen by any Party in accordance with Section III below, no Party will have the right to litigate the Claims in court or to have a jury trial on the Claims.**

**c.**  Except as stated below, all Claims are subject to arbitration, no matter what legal theory they are based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, Merchant's or Kapitus's negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with Kapitus or Merchant or claiming through Kapitus or Merchant, or by someone making a claim through Kapitus or Merchant, such as a co-applicant, authorized user, employee, agent, representative or an affiliated/parent/subsidiary company. Threshold issues of whether any claim is arbitrable also are subject to arbitration in accordance with this Agreement.

**II.  Arbitration Limits.**

**a.**  Claims brought as part of a class action, private attorney general or other representative action can be arbitrated only on an individual basis. The arbitrator has no authority to arbitrate any claim on a class or representative basis and may award relief only on an individual basis. If arbitration is chosen by any Party, neither Merchant nor Kapitus may pursue a Claim as part of a class action or other representative action.

**b.**  Claims of two or more persons may not be combined in the same arbitration. However, applicants, co-applicants, authorized users on a single account and/or related accounts, or corporate affiliates or entities under common ownership or control of a Party are deemed one person for purposes of this Agreement.

1

**Exhibit 7**

### III. How Arbitration Works.

**a.** Arbitration shall be conducted by the American Arbitration Association ("AAA") according to this arbitration provision and the applicable AAA Commercial Arbitration Rules in effect when the claim is filed ("AAA Rules"), except where those rules conflict with this arbitration provision.  Merchant can obtain copies of the AAA Rules at the AAA's website (www.adr.org).  Merchant or Kapitus may choose to have a hearing, appear at any hearing by phone or other electronic means, and/or be represented by counsel.  Notwithstanding any terms to the contrary, any in-person hearing will be held in Arlington, Virginia.  The arbitration shall be conducted and the award shall be rendered in English.

**b.** Arbitration may be requested any time, even where there is a pending lawsuit, unless discovery has fully and finally concluded, and/or a final judgment entered. Neither Merchant nor Kapitus waives the right to arbitrate by filing or serving a complaint, answer, counterclaim, or motion in a lawsuit.  To choose arbitration, a Party must file a motion to compel arbitration in a pending matter or commence arbitration by submitting the required AAA forms and requisite filing fees to the AAA.

**c.** The arbitration shall be conducted by a single arbitrator agreed to by the Parties within twenty (20) days of receipt by respondent of the request for arbitration (unless an extended time period is agreed to by the Parties). In the event the Parties are unable to agree upon the selection of the arbitrator, the arbitrator shall be selected in accordance with this arbitration provision and the AAA Rules for appointing an arbitrator from the AAA National Roster.  The selected arbitrator may limit discovery.  The arbitrator shall not apply any federal or state rules of civil procedure for discovery, but the arbitrator shall honor claims of privilege recognized at law and shall take reasonable steps to protect account information and other confidential information of any Party if requested to do so.  Except as may be required by law, neither a Party nor the arbitrator may disclose the existence, content or results of any arbitration without the prior written consent of both parties, unless to protect or pursue a legal right. The arbitrator shall apply the substantive laws of the jurisdiction specified in any contract between the parties.  If no jurisdiction is specified or if multiple jurisdictions are specified in various contracts among the Parties, the substantive laws of the Commonwealth of Virginia shall apply, without regard to any applicable principals of conflicts of law.

**d.** The arbitrator shall make any award in writing and, if requested by Merchant or Kapitus, shall include a reasoned opinion for the award.  An arbitration award shall decide the rights and obligations only of the parties named in the arbitration, and shall not have any bearing on any other person or dispute.

**e.** The arbitrator shall have no authority to award punitive damages, consequential damages, or other damages not measured by the prevailing Party's actual damages, except as required by statute or allowed under any agreement between the Parties.

### IV. Paying for Arbitration Fees.

**a.** Arbitration fees will be allocated according to the applicable AAA Rules.  All parties are responsible for their own attorney's fees, expert fees and any other expenses unless the arbitrator awards such fees or expenses to Kapitus based on a contract between the parties or applicable law.

**b.** The Parties agree that failure or refusal of a Party to pay its required share of the deposits for arbitrator compensation or administrative charges shall constitute a waiver by that Party to present evidence or cross-examine witnesses.  In such event, the other Party shall be required to present evidence and legal argument as the arbitrator(s) may require for the making of an award.  Such waiver shall not allow for a default judgment against the non-paying Party in the absence of evidence presented as provided for above.

Exhibit 7

DocuSign Envelope ID: 8815D9B1-ED8B-4616-A15D-6DFA1AFF031D

**V.    The Final Award.**

**a.**    Any award rendered by the arbitrator shall be final, and binding on the Parties, and may be entered and enforced in any court having jurisdiction, and any court where a Party or its assets is located (to which jurisdiction the Parties consent for the purposes of enforcing such award)  unless a Party appeals such award in writing to the AAA within 30 days of notice of the award pursuant to the AAA's Optional Appellate Arbitration Rules.  The arbitration appeal shall be determined by a panel of 3 arbitrators.  The panel will consider all facts and legal issues anew based on the same evidence presented in the prior arbitration and will make decisions based on a majority vote.  Arbitration fees for the arbitration appeal shall be allocated according to the applicable AAA Rules.  An award by a panel on appeal is final.  A final award is subject to judicial review as provided by applicable law.

**VI.    Miscellaneous.**

**a.**    <u>Survival.</u>  This Agreement shall survive: (i) termination of the account or the relationship between Merchant and Kapitus; (ii) repayment of any amounts owed by Merchant to Kapitus; (iii) the termination of any other agreement between Merchant and Kapitus; (iv) the  filing of any petition or institution of any proceeding by or against any Party  under any provisions of the Bankruptcy Reform Act, Title 11 of the United States Code, or any other similar law relating to bankruptcy, insolvency or other relief for debtors, or general affecting creditor's rights or seeking the appointment of a receiver, trustee, custodian, administrator or liquidator of or for any Party's assets; (v) any sale, transfer and/or assignment of  Merchant's account with Kapitus, or amounts owed on Merchant's account, to another person or entity; (vi)  the closure, suspension, dissolution or termination of Merchant's business; and (vi) the sale, transfer, and/or assignment of Merchant's business, any interest therein that constitutes a change of control in such business, and/or substantially all of Merchant's assets.

**b.**    <u>Severability.</u>  If any part of this Agreement is deemed invalid or unenforceable, the other terms shall remain in force, except that there can be no arbitration and/or litigation of a class or representative Claim.

**c.**    <u>Entire Agreement, Amendment, Successors, and Assigns.</u>   This Agreement contains the entire understanding among the Parties concerning the subject matter hereof.  No representation, promise, statement of intention has been made by any Party concerning the subject matter hereof that is not embodied in this Agreement, and no Party shall be bound by, or liable for, any such alleged representation, promise or statement of intention not set forth herein.  This Agreement may not be amended, modified, severed or waived, except through a written agreement between Merchant and Kapitus.  All of the terms and provisions of this Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, trustees, administrators, representatives, receivers, liquidators, successors, transferees, and assigns of the Parties.  This Agreement shall not be assignable or otherwise transferrable by Merchant without Kapitus's prior written consent to be exercised solely in Kapitus's discretion.  Kapitus may assign or otherwise transfer this Agreement.

**d.**    <u>Counterparts; Electronic Signatures</u>.  This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one instrument.  Electronically transmitted PDFs, facsimile copies of signatures, or electronically transmitted copies of signatures complying with the US Federal ESIGN Act of 2000 (e.g. www.docusign.com) shall be treated as original signatures for all purposes.

**e.**    <u>Authorization.</u> Merchant, and the person(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

**Exhibit 7**

**f.** **Waiver.** No failure on the part of Kapitus to exercise, and no delay in exercising, any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement preclude any other or further exercise thereof or the exercise of any other right. The remedies provided hereunder are cumulative and not exclusive of any remedies provided by law or equity.

**g.** **Further Assurances**. Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement. The Parties agree that they will take all actions, execute, and deliver any and all documents reasonably necessary to carry out the intent and purpose of this Agreement, including, without limitation any documents and fees necessary for the commencement and conduct of arbitration as set forth herein.

**h.** **No Interpretation of Captions or Headings**. The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement

**i.** **Notices.** All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail, return receipt requested, to Kapitus at 2500 Wilson Boulevard, Suite, 350, Arlington, VA 22201, and to Merchant and/or Guarantor at the address(es) provided by Merchant or Guarantor to Kapitus and as reflected in Kapitus's system of record, and shall become effective only upon receipt. In addition, all notices, requests, consent, demands and other communications must be emailed to generalcounsel@kapitus.com and till84@gmail.com.

**MERCHANT**

By   Thomas Till, Owner                                863CDE56AA6946B... (Signature)

         (Print Name and Title)

**KAPITUS**

By   Steve Podhorzer

    (Company Officer or Designee)                          (Signature)

**GUARANTOR**

By   Thomas Till                                   863CDE56AA6946B... (Signature)

       (Print Name)

**GUARANTOR**

By   N/A

       (Print Name)                                 (Signature)

**GUARANTOR**

By   N/A

       (Print Name)                                 (Signature)

**Exhibit 7**